UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 19-495-DLB

URIKA BERRY                                                                                          PLAINTIFF

v.                                    **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY, et al.                                 DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Defendants' Motion to Dismiss the Complaint filed by pro se Plaintiff Urika Berry (Doc. # 9).  Despite having been twice ordered to respond, (Docs. # 12 and 14), Berry has not done so in the over fourteen months since the Motion to Dismiss was filed.  Accordingly, the Motion is now ripe for the Court's review.  For the reasons set forth below, Defendants' Motion is **granted** and Plaintiff's Complaint is **dismissed**.

In June 2015, Berry filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  (Doc. # 1-1 at 58).  Starting in July 2015, Plaintiff also submitted a series of applications under a program called "Plan to Achieve Self-Support" ("PASS"), which allows a disability claimant to exclude otherwise countable income that is used to achieve a specific work goal.  *See* 20 C.F.R. §§ 416.1180, 416.1226.  (Docs. # 1-1 at 58, 9-3, and 9-4).  Following a hearing, an Administrative Law Judge in September 2018 approved Plaintiff's PASS application for unspecified expenses related to Plaintiff's goal of becoming a legal assistant and/or a "self-employed

1

'professional services provider.'"[1] (Doc. # 1-1 at 56-61). In his decision, the ALJ wrote that "[a]nother office will process my decision and decide if you meet the non-disability requirements for Supplemental Security Income payments. That office may ask you for more information." (*Id.* at 55).

Shortly thereafter, in early November 2018, PASS Specialist Dorothy Bailey received and reviewed Berry's PASS materials, including the ALJ's decision, and concluded that Berry's application lacked necessary information, namely a list of itemized clothing expenses and a business plan. (Docs. # 1-1 at 74 and 9-1 at 2-3). Around November 8, 2018, Bailey claims to have attempted to contact Berry several times to address these deficiencies, but Berry apparently did not respond. (Doc. # 9-1 at 2-3). Accordingly, the agency did not exclude Plaintiff's PASS-related income in determining her eligibility for SSI benefits, and on November 14, 2018, issued an initial determination denying those benefits because Plaintiff made too much income to qualify. (Docs. # 1-1 at 49 and 9-1 at 2-3).

Berry requested reconsideration of the denial of SSI benefits on January 2, 2019. (Doc. # 1-1 at 39-40). As part of its determination on reconsideration, the agency made repeated attempts to contact Plaintiff, none of which was successful. (*Id.* at 39, 91, 93). The record does not indicate whether the agency issued a formal denial of Plaintiff's request for reconsideration, nor is there any indication that Plaintiff pursued the remainder of her administrative remedies, including a hearing before the ALJ and review before the Appeals Council.

---

[1] Although the ALJ approved of Plaintiff's PASS application, he declined to transfer supervision of her PASS plan from the Birmingham, Alabama PASS Cadre, which Plaintiff had alleged was biased against her. (Doc. # 1-1 at 61).

On December 20, 2019, Berry filed a Complaint in this Court, naming the Commissioner of Social Security and various other officials within the agency. (Doc. # 1 at 2-3). In the Complaint, Plaintiff notes that she has not received her SSI benefits despite the fully favorable decision by the ALJ on her PASS application. (*Id.* at 5). The Complaint is otherwise devoid of allegations. Attached to the Complaint are 175 pages of documents, some of which Plaintiff has annotated. (*See generally* Doc. # 1-1). On the same day, Plaintiff filed a Motion for Temporary Restraining Order (TRO), requesting immediate payment of $44,814 in SSI benefits from the Social Security Administration (SSA) as well as commencement of monthly benefit payments. (Doc. # 4 at 1). The TRO also contains a request for payment of SSI benefits on behalf of another individual, James Losco, who Berry describes as her "client." (*Id.*).

The Commissioner moved to dismiss Plaintiff's Complaint on February 10, 2020 while also opposing Plaintiff's Motion for a TRO.[2] (Docs. # 9 and 10). The Commissioner argues that because Plaintiff has not fully exhausted her administrative remedies, the agency has not issued a "final decision" under 42 U.S.C. § 405(g) and thus the Court lacks subject-matter jurisdiction over Plaintiff's claims. (Doc. # 9 at 10). On February 2, 2021, almost a year after the Motion to Dismiss was filed, the Court ordered Plaintiff to respond to Defendants' Motion within fourteen days or face the possibility of dismissal of her case without prejudice. (Doc. # 12). On February 16, 2021, Plaintiff notified the Clerk of the Court that due to a medical emergency she would not be able to file a response until the following week. Approximately two weeks later, Berry filed a Motion for

---

[2] The Commissioner's Motion was filed ten days after the deadline set by the Court in its Order granting Plaintiff's Motion to Proceed *in forma pauperis*. (*See* Docs. # 5 and 9). Accordingly, the Commissioner simultaneously moved for leave to file a motion to dismiss out of time. (Doc. # 8).

3

permission to file using the Court's electronic case filing system.  (Doc. # 13).  In its March 8, 2021 Order denying Plaintiff's Motion, the Court gave Plaintiff until March 28, 2021 to file a response to Defendants' Motion to Dismiss.  (Doc. # 14).   Rather than file a response, however, Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss, (Doc. # 15), and a Motion for Leave to File an Amended Complaint, (Doc. # 16).  Plaintiff then moved to supplement her Motion to Strike and attached several additional documents. (Docs. # 17 and 18).

Plaintiff has not met her burden of showing that the Court has subject-matter jurisdiction and, accordingly, her Complaint must be dismissed.  A denial of SSI benefits is reviewable only after a "final decision" of the Commissioner.  42 U.S.C. § 405(g). Agency regulations provide a four-step process for obtaining a final decision: "First, the claimant must seek an initial determination as to his eligibility.  Second, the claimant must seek reconsideration of the initial determination.  Third, the claimant must request a hearing, which is conducted by an ALJ.  Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council."  *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1400).  "Thus, for purposes of the finality requirement of § 405(g), a claim becomes final after the Appeals Council renders its decision."  *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991).  Moreover, the claimant's failure to exhaust administrative remedies deprives the district court of subject-matter jurisdiction.  *See id.*; *James v. Comm'r of Soc. Sec.*, No. 16-6224, 2017 WL 3391704, at *2 (6th Cir. May 4, 2017).

Here, the Commissioner asserts that Plaintiff did not exhaust administrative remedies, (Doc. # 9 at 9), and Plaintiff does not put forth evidence demonstrating

4

otherwise.  Indeed, it appears that administrative review stalled at step two, when Plaintiff requested reconsideration of the agency's initial determination.  (Doc. # 1-1 at 39-40).  It is Plaintiff's burden to establish subject-matter jurisdiction.  *Global Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).  Accordingly, because there is no evidence that Plaintiff's SSI claim ever reached the Appeals Council, Plaintiff has not demonstrated that there was a "final decision" over which the Court has jurisdiction under § 405(g).[3]

Plaintiff's Complaint fares no better when construed as a request for mandamus relief.  The Court's mandamus power is codified in 28 U.S.C. § 1361, which provides that the Court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  A social security claimant's failure to exhaust her administrative remedies has been held to bar a mandamus action.  *See Willis*, 931 F.2d at 397.

There is an exception to the finality requirement in § 405(g) for a claimant who presents a colorable constitutional claim.  *Collins v. Comm'r of Soc. Sec.*, 742 F. App'x. 94, 96 (6th Cir. 2018) (noting that "§ 405(g) does not serve as a jurisdictional bar for the 'adjudication of colorable constitutional claims.'") (quoting *Califano v. Sanders*, 430 U.S. 99, 109 (1977)).  But Berry does not appear to allege constitutional violations.  And nothing in the record suggests that the agency deprived Plaintiff of an opportunity to pursue her claim.  To the contrary, there is evidence showing that the agency made

---

[3]   Berry in her Motion to Strike asserts that the Appeals Council has in fact ruled on her SSI claim.  (Doc. # 15 at 1 & n.1).  But the Appeals Council decision she attaches corresponds to the September 19, 2018 decision by the ALJ on Plaintiff's PASS application.  (*See* Doc. # 18-2).  There is no evidence in the record showing that the Appeals Council (or even an ALJ) has passed upon the November 14, 2018 initial determination denying Plaintiff's claim for SSI benefits.

reasonable efforts to obtain information from Plaintiff that would have increased her chances of being approved for SSI benefits.

For these reasons, Defendants' Motion to Dismiss is **granted**.

Finally, Plaintiff moves to amend her Complaint in lieu of responding to Defendants' Motion to Dismiss. (Doc. # 16). However, amendment of the Complaint would be futile. When, as here, "a Rule 12(b)(1) motion attacks a complaint's factual predicate, the court does not presume that the plaintiff's factual allegations are true" and instead "'actually weigh[s] [the] evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'" *Global Tech., Inc.*, 807 F.3d at 810 (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). Consequently, Plaintiff must demonstrate the existence of jurisdiction though *facts*, not allegations, so amendment of the Complaint would be of no use. Moreover, Plaintiff's basis for amending, namely the opportunity to "investigate[] evidence of fraud and misconduct" by SSA employees, (Doc. # 16 at 1), is improper. "A plaintiff is not entitled to discovery before a motion to dismiss." *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013). Therefore, Plaintiff's Motion to Amend is **denied**.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)   Defendants' Motion to File Out of Time (Doc. # 8) is **GRANTED**;

(2)   Defendants' Motion to Dismiss (Doc. # 9) is **GRANTED**;

(3)   Plaintiff's Motion for Temporary Restraining Order (Doc. # 4) is **DENIED**;

(4)   Plaintiff's Motion to Strike (Doc. # 15) is **DENIED**;

(5) Plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 16) is **DENIED**;

(6) Plaintiff's Motion for Extension of Time and Leave to File Motion to Append (Doc. # 17) is **DENIED**;

(7) Plaintiff's Complaint (Doc. # 1) is **DISMISSED**; and

(8) This matter is **STRICKEN** from the Court's active docket.

A Judgment will be entered contemporaneously herewith.

This 15th day of April, 2021.

Signed By:
*David L. Bunning*   DB
United States District Judge

J:\DATA\SocialSecurity\Orders\Lexington\19-495 Order Dismissing Case.docx